# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| EXAVIER L. WARDLAW | : | CIVIL ACTION |
| --- | --- | --- |
| | : | |
| v. | : | NO. 21-1942 |
| | : | |
| THE CITY OF PHILADELPHIA, *et al.* | : | |

# ORDER

**AND NOW**, this 28th day of April 2021, upon considering the pro se Plaintiff's Application to proceed *in forma pauperis* (ECF Doc. No. 1) where he swears to having more than $1300 a month in net income and a net worth in excess of $77,000, and also noting his civil rights Complaint (ECF Doc. No. 2) cannot proceed against private citizens, it is **ORDERED**:

1. Plaintiff's Application to proceed *in forma pauperis* (ECF Doc. No. 1) is **DENIED**[1];

2. If Plaintiff seeks to proceed with this case, he must, no later than **May 28, 2021**, pay $402 (the $350 filing fee and $52 administrative fee) to the Clerk of Court;

3. Plaintiff is granted leave to file an amended complaint with his filing fee which can state a claim as his present civil rights claims against a film production company and its board of directors relating to a decision to not broadcast his film including the possible relationship between this film company and a state actor[2]; and,

4. We may dismiss his case without prejudice and without further notice for failure to prosecute if Plaintiff fails to timely comply with this Order.

*[signature]*
**KEARNEY, J.**

---

[1] We similarly denied Mr. Wardlaw's leave to proceed without paying fees in his pending case *Wardlaw v. IGA International Market et al.*, No 21-1547 on April 1, 2021 granting him leave to

file an amended complaint against private actors after paying the required fee no later than May 3, 2021. His present sworn application reports the same net monthly income but now contradicts his sworn statements by identifying further funds from the federal stimulus payments and an unsupported reference to having $500 monthly income but ignoring his spouse's income.

[2] Mr. Wardlaw cannot proceed on a civil rights case against private actors such as a film company and its directors. "A civil rights action brought [under] section 1983 is sustainable against state actors only." *Boyd v. Pearson*, 346 F.App'x 814, 816 (3d Cir. 2009) (citing *Bright v. Westmoreland County*, 380 F.3d 729, 736 (3d Cir. 2004)). A private party such as a film company and its directors may be subject to a civil rights suit when "the alleged infringement of federal rights [is] 'fairly attributable to the State.'" *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 642 (E.D. Pa. 2014). Even if Mr. Wardlaw paid the fee, he has not plead a civil rights claim. Nothing in this Order precludes Mr. Wardlaw from seeking relief under state law theories against these private actors in Pennsylvania state court.